UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE K. GODFREY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et. al,<br><br>　　　　　Defendants. | No.  2:19-cv-00861-TLN-KJN<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

　　　　This matter is before the Court pursuant to Plaintiff, Diane K. Godfrey's ("Plaintiff") *Ex Parte* Motion for Temporary Restraining Order ("TRO").  (ECF No. 1.)[1]  For the reasons discussed below, Plaintiff's motion is DENIED.

///

///

///

///

///

///

---

[1]　　　Plaintiff filed a Complaint in which Plaintiff also requests injunctive relief and a temporary restraining order.  (*See* ECF No. 1.)  This Order only addresses Plaintiff's motion for temporary restraining order.  However, the Court admonishes Plaintiff to comply with the local rules for each of Plaintiff's requested motions.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a lawsuit on May 14, 2019, against Defendants Sacramento County Sheriff's Department, Deputy Spencer J. Wright, Deputy Does 1 through 10, the Federal Bureau of Investigation ("FBI"), FBI Director Christopher A. Wray, Doe Security Service, the County of Sacramento, and Sacramento County Sheriff Scott Jones. (ECF No. 1.) Plaintiff alleges that on January 25, 2005, Plaintiff reported an ongoing criminal conspiracy to the United States Attorney in Oakland, California, which is now under investigation by the Defendant FBI. (ECF No. 1 ¶ 13.) Plaintiff alleges that in retaliation for reporting the criminal conspiracy, individuals were hired to harass Plaintiff. (ECF No. 1 ¶ 15.) The individuals who hired the people to harass Plaintiff allegedly had knowledge of the criminal conspiracy and were forced to cooperate with law enforcement officials as a result of the FBI investigation. (ECF No. 1 ¶ 15.) Plaintiff alleges the retaliation took place from July 7, 2018, through October 9, 2019, and was comprised of an intruder or intruders continuously trespassing through Plaintiff's property. (ECF No. 1 ¶ 14.) The intrusions allegedly consisted of making noise in both the front and back of the property, knocking and banging on Plaintiff's front door and bedroom window, and using an "x-ray flashlight" to spy on Plaintiff in the privacy of her bedroom. (ECF No. 1 ¶ 14.)

On July 16, 2018, Plaintiff allegedly reported these intrusions to Defendant FBI and Defendant Sacramento County Sheriff's Department. (ECF No. 1 ¶ 16.) On October 9, 2018, Plaintiff alleges she was the victim of an attempted murder while residing in her apartment. (ECF No. 1 ¶ 17.) Plaintiff believes the individual who committed the attempted murder was the same individual, or one of the individuals, who had been harassing her. (ECF No. 1 ¶ 17.) On October 9, 2018, via letter, Plaintiff reported these crimes to Defendant FBI and Defendant Sacramento County Sheriff's Department. (ECF No. 1 ¶ 18.) Plaintiff alleges that pursuant to her rights as a crime victim, Plaintiff requested she be provided with security guards to protect her. (ECF No. 1 ¶ 18.)

Plaintiff alleges that Defendant Sacramento County Sheriff's Department began providing security services soon after Plaintiff requested security guards. (ECF No. 1 ¶ 19.) Plaintiff alleges that beginning on January 1, 2019, Defendant Wright used an "x-ray flashlight" to peer

into Plaintiff's bedroom at all hours of the night, and because of this, Plaintiff began having difficulty sleeping. (ECF No. 1 ¶ 20.) Plaintiff also alleges that after January 1, 2019, Defendants, while providing security, would bang on her front door. (ECF No. 1 ¶ 21.) Plaintiff further alleges Defendants, on their nightly visits to Plaintiff's property "through the use of the x-ray flashlight, . . . repeatedly . . . projected images on the walls or ceilings of [P]laintiff's bedroom during nighttime hours" of "animated images of Halloween type characters (e.g., pumpkin heads, death masks)," and further alleges that Defendants "themselves wore costumes with masks, disrupting or preventing [P]laintiff's sleep." (ECF No. 1 ¶ 22.) Plaintiff next states that Defendant Wright created a "'virtual window' in the ceiling of [P]laintiff's bedroom . . . and took an unauthorized photograph of [P]laintiff while in her bed." (ECF No. 1 ¶ 23.)

Plaintiff brings seven causes of action: (1) deprivation of rights in violation of 42 U.S.C. § 1983, for invasion of privacy against local officers (ECF No. 1 at 4); (2) deprivation of rights in violation of 42 U.S.C. § 1983, for invasion of privacy against Defendant County of Sacramento, Defendant Sheriff Scott Jones, Defendant Sacramento County Sheriff's Department, and Doe Defendants (ECF No. 1 at 10); (3) retaliation for pursuit of legal rights in violation of 42 U.S.C. 1983 against Defendant Sacramento County Sheriff's Department and Defendant Wright (ECF No. 1 at 12); (4) abatement of private nuisance in violation of Sacramento County Code § 6.68.150 and Cal. Civ. Code § 3481 against all Defendants (ECF No. 1 at 14); (5) abatement of public nuisance against all Defendants (ECF No. 1 at 17); (6) invasion of privacy against all Defendants (ECF No. 1 at 17); (7) abatement of private nuisance for use of "x-ray flashlight" against all Defendants (ECF No. 1 at 19).

## II.    STANDARD OF LAW

A district court may issue a TRO without notice to the adverse party if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). "[T]he legal standards applicable to TROs and preliminary injunctions are 'substantially identical.'" *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir.) (quoting *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir.

2001)), *reconsideration en banc denied*, 858 F.3d 1168 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 448 (2017).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id*. at 20. A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). "[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991).

Furthermore, a party seeking a TRO in this judicial district must comply with the Local Rules, which require that the following items be filed along with a request for a TRO:

1.  A complaint;

2.  A motion for TRO;

3.  A brief on all relevant legal issues;

4.  An affidavit setting forth the substantial injury that will result in the absence of a TRO;

5.  An affidavit detailing the notice given to affected parties or setting forth why good cause exists to excuse any lack of notice provided to affected parties;

6.  A proposed TRO with a provision for a bond;

7.  A proposed order with blanks allowing the Court to fill in the date and time for hearing a motion for preliminary injunction, the deadline for filing responsive briefing, the amount of the bond to be set, and the date and hour of issuance; and

8.  If a TRO is requested *ex parte*, inclusion in the proposed order of language notifying the affected parties of the right to apply to the issuing court for the

4

1           TRO's modification or dissolution on two days' notice or on such shorter notice as

2           the Court may allow.

3 L.R. 231(c).

4     **III.**    **ANALYSIS**

5     A.    Procedural Deficiencies

6 Plaintiff failed to satisfy the procedural prerequisites for obtaining a TRO. Even if the

7 Court were to construe Plaintiff's Complaint as a combined complaint, motion for TRO, and brief

8 on all relevant legal issues as required by the Eastern District's Local Rules, Plaintiff has not

9 satisfied the remaining procedural prerequisites for issuance of a TRO. (ECF No. 1); L.R. 231(c).

10 Specifically, Plaintiff has not submitted an affidavit outlining the substantial injury that would

11 befall her in the absence of a TRO, let alone an affidavit detailing her attempts to provide notice

12 to the affected parties or setting forth the good cause that exists for their failure to provide such

13 notice. *See* L.R. 231(c). Plaintiff has further failed to submit a proposed order. *See* L.R. 231(c).

14 These procedural failings alone are sufficient to justify denial of Plaintiff's request. *See*

15 *Holcomb v. Cal. Bd. of Psychology*, No. 215-cv-02154-KJM-CKD, 2015 WL 7430625, at *3

16 (E.D. Cal. Nov. 23, 2015) (indicating that the district court had previously "denied plaintiff's

17 motion [for TRO and preliminary injunction] without prejudice for failure to provide the required

18 documents in compliance with Local Rule 231(c)").

19     B.    Substantive Deficiencies

20 Moreover, Plaintiff does not satisfy the stringent standard to justify *ex parte* injunctive

21 relief. To qualify for a temporary restraining order, at minimum the moving party must

22 demonstrate (1) a probability of success on the merits and the possibility of irreparable harm, and

23 (2) that the lawsuit raises serious questions and the balance of hardship tips sharply in the

24 movant's favor. *See Hoopa Valley Tribe v. Christie*, 812 F.2d 1097, 1102 (9th Cir.1986); *Regents

25 of Univ. of Cal. v. American Broadcasting Companies, Inc.*, 747 F.2d 511, 515 (9th Cir.1984); *see

26 also* Fed. R. Civ. P. 65. Although pro se pleadings are liberally construed, *see Haines v. Kerner*,

27 404 U.S. 519, 520–21 (1972), they are not immune from the Federal Rules of Civil Procedure.

28 *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir.1995). Plaintiff's motion fails to demonstrate a

probability of success on the merits, a possibility of irreparable harm, or that this lawsuit raises serious questions of public interest with the balance of hardships tipping in his favor.

### IV.   CONCLUSION

For the reasons discussed above, Plaintiffs' emergency motion for injunction, (ECF No. 1), is DENIED without prejudice.

IT IS SO ORDERED.

Dated: May 30, 2019

_____
Troy L. Nunley
United States District Judge