| 1 |
|---|
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DIANE K. GODFREY, | No. 2:19-cv-00861-TLN-KJN |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et. al, | |
| Defendants. | |

This matter is before the Court pursuant to Plaintiff, Diane K. Godfrey's ("Plaintiff") Motion for Temporary Restraining Order ("TRO"). (ECF No. 6.) For the reasons discussed below, Plaintiff's motion is DENIED.

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a lawsuit on May 14, 2019, against Defendants Sacramento County Sheriff's Department, Deputy Spencer J. Wright, Deputy Does 1 through 10, the Federal Bureau of Investigation ("FBI"), FBI Director Christopher A. Wray, Doe Security Service, the County of Sacramento, and Sacramento County Sheriff Scott Jones. (ECF No. 1.) Plaintiff alleges that on January 25, 2005, Plaintiff reported an ongoing criminal conspiracy to the United States Attorney in Oakland, California, which is now under investigation by the Defendant FBI. (ECF No. 1 ¶ 13.) Plaintiff alleges that in retaliation for reporting the criminal conspiracy, individuals were hired to harass Plaintiff. (ECF No. 1 ¶ 15.) The individuals who hired the people to harass Plaintiff allegedly had knowledge of the criminal conspiracy and were forced to cooperate with law enforcement officials as a result of the FBI investigation. (ECF No. 1 ¶ 15.) Plaintiff alleges the retaliation took place from "July 7, 2018, through October 9, 2019", and was comprised of an intruder or intruders continuously trespassing through Plaintiff's property. (ECF No. 1 ¶ 14.) The intrusions allegedly consisted of making noise in both the front and back of the property, knocking and banging on Plaintiff's front door and bedroom window, and using an "x-ray flashlight" to spy on Plaintiff in the privacy of her bedroom. (ECF No. 1 ¶ 14.)

On July 16, 2018, Plaintiff allegedly reported these intrusions to Defendant FBI and Defendant Sacramento County Sheriff's Department. (ECF No. 1 ¶ 16.) On October 9, 2018, Plaintiff alleges she was the victim of an attempted murder while residing in her apartment. (ECF No. 1 ¶ 17.) Plaintiff believes the individual who committed the attempted murder was the same individual, or one of the individuals, who had been harassing her. (ECF No. 1 ¶ 17.) On October 9, 2018, via letter, Plaintiff reported these crimes to Defendant FBI and Defendant Sacramento County Sheriff's Department. (ECF No. 1 ¶ 18.) Plaintiff alleges that pursuant to her rights as a crime victim, Plaintiff requested she be provided with security guards to protect her. (ECF No. 1 ¶ 18.)

Plaintiff alleges that Defendant Sacramento County Sheriff's Department began providing security services soon after Plaintiff requested security guards. (ECF No. 1 ¶ 19.) Plaintiff alleges that beginning on January 1, 2019, Defendant Wright used an "x-ray flashlight" to peer

into Plaintiff's bedroom at all hours of the night, and because of this, Plaintiff began having difficulty sleeping. (ECF No. 1 ¶ 20.) Plaintiff also alleges that after January 1, 2019, Defendants, while providing security, would bang on her front door. (ECF No. 1 ¶ 21.) Plaintiff further alleges Defendants, on their nightly visits to Plaintiff's property "through the use of the x-ray flashlight, . . . repeatedly . . . projected images on the walls or ceilings of [P]laintiff's bedroom during nighttime hours" of "animated images of Halloween type characters (e.g., pumpkin heads, death masks)," and further alleges that Defendants "themselves wore costumes with masks, disrupting or preventing [P]laintiff's sleep." (ECF No. 1 ¶ 22.) Plaintiff next states that Defendant Wright created a "'virtual window' in the ceiling of [P]laintiff's bedroom . . . and took an unauthorized photograph of [P]laintiff while in her bed." (ECF No. 1 ¶ 23.)

Plaintiff brings seven causes of action: (1) deprivation of rights in violation of 42 U.S.C. § 1983, for invasion of privacy against local officers (ECF No. 1 at 4); (2) deprivation of rights in violation of 42 U.S.C. § 1983, for invasion of privacy against Defendant County of Sacramento, Defendant Sheriff Scott Jones, Defendant Sacramento County Sheriff's Department, and Doe Defendants (ECF No. 1 at 10); (3) retaliation for pursuit of legal rights in violation of 42 U.S.C. 1983 against Defendant Sacramento County Sheriff's Department and Defendant Wright (ECF No. 1 at 12); (4) abatement of private nuisance in violation of Sacramento County Code § 6.68.150 and Cal. Civ. Code § 3481 against all Defendants (ECF No. 1 at 14); (5) abatement of public nuisance against all Defendants (ECF No. 1 at 17); (6) invasion of privacy against all Defendants (ECF No. 1 at 17); (7) abatement of private nuisance for use of "x-ray flashlight" against all Defendants (ECF No. 1 at 19).

## II. STANDARD OF LAW

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See Fed. R. Civ. P. 65. It is the practice of this district to construe a motion for temporary restraining order as

3

a motion for preliminary injunction. Local Rule 231(a); *see also Aiello v. One West Bank*, No. 2:10-cv-0227- GEB-EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (emphasis added); *see also Costa Mesa City Employee's Assn. v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial.") (internal quotation marks omitted); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.") (internal quotation marks omitted). In cases where the movant seeks to alter the status quo, preliminary injunction is disfavored and a higher level of scrutiny must apply. *Schrier v. University of Co.*, 427 F.3d 1253, 1259 (10th Cir. 2005). Preliminary injunction is not automatically denied simply because the movant seeks to alter the status quo, but instead the movant must meet heightened scrutiny. *Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33–34 (2d Cir. 1995).

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction

even where the plaintiff shows that there are "serious questions on the merits...so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, Plaintiff must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply in the plaintiff's favor," in order to succeed in a request for preliminary injunction. *Id.* at 1134–35 (emphasis added).

### III. ANALYSIS

The party moving for a temporary restraining order must clearly show, in an affidavit or verified complaint, "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). This District's Local Rules impose additional requirements for a temporary restraining order. Under Local Rule 231, "courts will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." L. R. 231(b). The rule continues, "[s]hould the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground." L. R. 231(b).

Over four months passed between the first alleged signs of harassment and Plaintiff's filing of this lawsuit. (*See* ECF No. 6-2 at 18 (describing the alleged harassment as "[b]eginning sometime in early January[] 2019").) The Court concludes that the length of time between the first instance of alleged harm and Plaintiff's motion contradicts Plaintiff's allegation of immediate, irreparable injury. If the Court finds that Plaintiff has not met its burden as to one *Winter* prong, then the Court need not address the remaining prongs as Plaintiff has not met its burden for injunctive relief. *See Alliance for the Wild Rockies*, 632 F.3d at 1135 (stating that the *Winter* test requires a plaintiff to "make a showing on all four prongs"). The Court finds Plaintiff has failed to make a showing of irreparable injury and declines to address the remaining *Winter* factors.

Moreover, it is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction. Local Rule 231(a); *see also Aiello v. One West*

*Bank*, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted). Denial of the instant TRO motion has no bearing on the Court's ultimate analysis of Plaintiff's claims, once it has heard from Defendants. Plaintiff has not cited any persuasive reason why this Court should rule on a motion for a temporary restraining order before Defendants have had an opportunity to respond. Thus, the Court will treat Plaintiff's motion for a temporary restraining order as a motion for preliminary injunction so Defendants may have the opportunity to respond. Accordingly, the application for a temporary restraining order (ECF No. 6) is DENIED, and the Court will consider a motion for preliminary injunction once Defendants have an opportunity to respond.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for a temporary restraining order and will consider the motion a motion for a preliminary injunction (ECF No. 6). Plaintiff shall serve Defendants with a copy of this Order within 3 days of the date of this Order and submit proof of service to the Court. Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."). The Court hereby schedules the motion hearing for 10:00 a.m. on July 18, 2019, before the magistrate judge. For the parties' convenience, the Court notes that under Local Rule 230, any opposition or statement of non-opposition from Defendants must be filed and served no later than 14 days before the noticed hearing date, and any reply by Plaintiff must be filed and served no later than seven days before that date. L. R. 230(c)–(d).

IT IS SO ORDERED.

Dated: June 12, 2019

Troy L. Nunley
United States District Judge